T. P. GRONOWAY, RESPONDENT, v. E. L. MARKHAM ET AL., APPELLANTS.
115 S. W. (2d) 136.

Kansas City Court of Appeals. April 4, 1938.

*Waldo Edwards* for respondent.

*Clark, Boggs, Peterson & Becker* and *Howard B. Lang, Jr.,* for appellants.

SHAIN, P. J.—In this action the plaintiff seeks to recover from defendants for medical and surgical services to one Willard H. Perry, an employee of defendants. The plaintiff alleges that defendants employed him to do the service and agreed to pay therefore.

The following facts are shown as admitted, to-wit: That plaintiff is a regularly licensed physician; that defendants were partners engaged in business as contractors and bridge builders; Further, that Willard H. Perry was working as an employee of defendants and was acting under the direction of their foreman when he sustained an injury while lifting a heavy timber.

It is shown that defendants filed a demurrer to plaintiff's petition alleging therein that the petition wholly failed to state a cause of action against either of said defendants. The demurrer was

overruled by the court and defendants thereafter filed an answer of general denial.

It is shown that there was a trial before the court without a jury. It is shown that defendants at the beginning of the trial interposed an objection to the introduction of evidence for the reason that the petition disclosed that the Workmen's Compensation Commission had sole jurisdiction and is the only tribunal authorized by law to pass upon the question of allowance for doctors services and the amount thereof. This was overruled by the court. Thereafter the admissions set out above were made and evidence on part of plaintiff was produced and heard. At the close of plaintiff's evidence, defendants interposed a demurrer to the evidence and same was overruled by the court. Objections and exceptions were duly made and taken by defendants. The defendants offered no evidence. The court found for plaintiff and awarded judgment in the sum of $233.65. From this judgment, the defendants have duly appealed.

### Opinion.

The defendants appealed, however, and conforming to the position below, we will continue to refer to respondent as plaintiff and to appellants as defendants.

The defendants make assignment of errors as follows:

"I.

"The trial court erred in refusing to sustain appellants' demurrer, because the record wholly failed to show that appellants employed respondent or agreed to pay for his services.

"II

"The trial court erred in refusing to sustain appellants' demurrer to the evidence, because the proof fails to sustain the only cause of action well pleaded.

"III

"The trial court erred in overruling appellants' demurrer to the evidence, because jurisdiction for the determination of charges for medical services rendered under the Workmen's Compensation Act is vested solely in the Workmen's Compensation Commission."

The three assignments but constitute the one assignment of error, to-wit: That the court erred in overruling defendants demurrer to the evidence. Three grounds are urged; two going to the evidence and one to the law.

As a prelude to our review, we state two principles that need no citation in support, to-wit: (1) As the case was tried before the judge without a jury, it is our duty to affirm if there is any theory upon which we can do so that is consistent with the law and the evidence. (2) If a cause of action be stated in the plaintiff's petition and there are facts and circumstances in evidence from which it can

reasonably be inferred as sustaining the finding of fact by the court, we are bound by said finding.

As to the defendant's contention that the Workmen's Compensation Commission had exclusive jurisdiction, Section 3311, Revised Statutes 1929, places the duty upon employers to furnish medical, surgical and hospital care, in addition to other compensation. The defendants in urging the theory that the language of this section gives exclusive jurisdiction to the commission cite Aldrich v. Reavis, 88 S. W. (2d) 265. The facts of the above case are that one McMillan was injured while in the employment of Reaves and that McMillan filed claim before the commission for compensation which was duly allowed. Further, Aldrich duly filed claim with the commission and same was denied. In the above case it was held that the employer having fully complied with the provisions of Section 3511, aforesaid, in that he had hired Dr. Shirley and authorized the hospitalization, it therefore became the duty of the commission as a matter of law "to hear and determine all disputes as to" medical, surgical and hospital aid. In other words, the opinion is to the effect that under the particular facts presented in Aldrich v. Reaves, *supra*, the sole jurisdiction was in the commission to determine the charges for such service.

There is no such state of facts presented in the case at bar as was presented in Aldrich & Reaves, *supra*. It stands admitted in the case at bar that no claim was ever filed for compensation with the Workman's Compensation Commission. It follows that the Workman's Compensation Commission never acquired jurisdiction to determine the issues in the case at bar.

Defendants cite no case that supports the contention that the Workmen's Compensation Commission has exclusive jurisdiction in matters of allowance and amount of medical services to an employee injured while engaged in the work of his master. We have been unable in our research to find a case wherein any such contention was made. As a matter of first impression, we hold that there is no such exclusive jurisdiction lodged in the Workmen's Compensation Commission of Missouri. If such exclusive jurisdiction existed it would permit employers to, by settling with their injured employees without recourse to the commission, defeat obligation for services rendered ,at said employers request.

The above matter being disposed of, the only remaining question is as to whether or not there is any substantial evidence to support plaintiff's allegation that defendants employed him to perform the services sued for. The plaintiff testified that Willard E. Perry was brought to his office by his brother and sister, and that after he diagnosed the case he went to Callao, Missouri, where Perry had been hurt to see about the payment of the account. Plaintiff testified as follows:

"I saw one of these partners there, Markham or Brown, I forget

which one at first. I saw him on two different times and he stated that the insurance company would take care of my bill in his opinion, although he wasn't so sure as to whether the man was entitled to compensation, in his opinion.

"Q. What, if anything, did he say to you about going ahead and treating the man? A. Well he assured me that he felt that my bill would be taken care of all right."

Plaintiff further testified that defendants gave him the name of the insurance company and that he wrote to said company and inclosed his bill. Plaintiff testified that, acting upon the assurance above stated, he performed the services.

Outside of plaintiff there was but one other witness called and that was Wardell Perry, a brother of the injured employee, and also an employee of defendants and working upon the same job where his brother was injured. In the course of the examination of Wardell Perry the following appears of record.

"Q. And what arrangements then were made, if any, for medical attention? A. Well, at the time they had Dr. Welch.

"Q. Dr. W. A. Welch of Callao? A. Yes, sir.

"Q. And he administered to him? A. Yes, sir.

"Q. Then later were you there before your brother was brought over to the Samaritan Hospital? A. Was I at the house?

"Q. Yes? A. Yes, sir.

"Q. And who was there? A. Well, at the house? Just he and his wife, my sister and I.

"Q. Now, did you have any conversation with Mr. Jennings, the Superintendent, there about taking your brother to the hospital at Macon? A. I did.

"Q. Tell the Court what Mr. Jennings said and what was said there by Mr. Jennings with reference to taking your brother to the Samaritan Hospital at Macon.

"Mr. Clark: If the Court please, I object to that—First, for the reason it isn't shown that Mr. Jennings had the authority to bind his principals for medical services, and, Second: for the reason that it appears from the admissions and the evidence here that Mr. Perry was injured in the course of his employment and the law fixes the liability of the defendants—that is the Workman's Compensation Law fixes that liability and the Workman's Compensation Commission is the only tribunal has the right to pass upon the question of the necessity of medical services and the value of the medical services, and matters of that sort.

"The Court: Overruled.

"To which ruling of the Court the defendants and each of them, by and through counsel duly objected and excepted at the time and still except.

"Q. Now tell the Court what this Superintendent of Markham &

Brown said there with reference to taking your brother to a doctor? A. Well I went down to see Dr. Welch and they were coming out of his office.

"Q. Who was 'they?' A. Brown and Jennings.

"Q. Brown and Jennings? A. Yes, sir.

"Q. Was that Brown this Brown that is a partner in Markham & Brown? A. Yes, sir.

"Q. He was there too? A. Yes, sir.

"Q. Well, did he say anything? A. No, we was talking about his condition, they had been talking to Dr. Welch about it and they come to the conclusion it was very serious and he needed to be taken to the hospital at Macon.

"Q. Who said that? A. Brown.

"Q. Brown said that he needed hospitalization? A. Yes, sir.

"Q. All right. Now, did you take him? A. I did.

"Q. And where did you take him? A. Samaritan Hospital.

"Q. And turned him over to what doctor? A. Gronoway.

"Q. Dr. T. P. Gronoway? A. Yes, sir."

We conclude that when a physician renders services to an employee who was injured in the course of employment the rule as laid down in Wood on Master and Servant and quoted with approval in Morrell v. Lawrence, 203 Mo. l. c. 370, applies. The rule referred to is as follows:

" 'The rule is that, in order to render one liable for services rendered at his request, they must be rendered for his benefit, or under such circumstances that the person requested to render them was justified in understanding that they were for his benefit or upon his credit. But if the person performing the services knows they are not for the benefit of the person making the request, and that he is under no legal obligation to pay therefor, he cannot predicate a claim against him, unless he expressly promised to pay for them before the services were rendered.' "

While it stands admitted that no claim for compensation was ever filed with the Workmen's Compensation Commission, still it is also admitted that the injured employee and the defendants, his employers, were operating under the provisions of the Workmen's Compensation Act. The admissions in the case further show that the said injured employee was injured while employed and in due course of his employment. Defendants are, therefore, in no position to deny that under the provisions of Section 3311, Revised Statutes of Missouri, 1929, there was a duty upon them to provide to said injured employee medical, surgical and hospital treatment.

While it is the rule that when a physician is called at the mere request of a third party, upon whom there rests no obligation to provide medical or surgical service, no contract to pay for the services is implied, still an entirely different rule applies where the party

calling the physician owes a duty to provide medical or surgical aid. Such a contract as in issue in the case at bar needs not be express if there are facts and circumstances reasonably inferred that a contract to pay the burden of such issue is met.

When we consider evidence to the effect that one of the defendants told the brother of the injured employee that hospitalization was needed and that brother, also an employee of defendants, takes the injured man to the hospital, and when the further fact be disclosed that the physician, the plaintiff herein, after a diagnosis of the condition of the injured employee goes to the employer to ascertain from whence the payment for his services is to come and is referred by said employer to the insurance company with whom the employer has a contract for indemnity, there are presented facts supporting the inference that the defendants herein assumed obligation to pay, and the fact that said employer expected the insurance company to pay does not alter the situation. When, in conformity to the law as declared in the opinion in Greenfielder v. Whitte Hardware Co., 189 Mo. App. 577, and the law as declared in the opinion in Hunicke v. Quarry Co., 262 Mo. 560, we take into consideration, with the above, the fact that the duty to furnish medical and surgical service rested upon defendants, we conclude that an issue of fact as to such liability is clearly presented. The above issue of fact was resolved in favor of the plaintiff by the court sitting as a jury, and such being the case it does come not within our province to interfere with such finding of fact.

We conclude that defendants' assignment of errors, under the facts and circumstances in evidence and under the law, are not substantiated. Finding no reversible error, the jurgment is affirmed. All concur.