PAUL F. STOOKEY, RESPONDENT, AND CHARLES S. NELSON, RESPONDENT, v. MIDLAND FLOUR MILLING COMPANY, APPELLANT.—171 S. W. (2d) 750.

Kansas City Court of Appeals. May 24, 1943.

1222

*Sprinkle & Knowles* for appellant.

*Johnson & Garnett* for respondents.

SHAIN, P. J.—The above two cases involve suits by two physicians against the owner of a flour milling company, operating under the Workmen's Compensation Act. The suits are for alleged medical services rendered by each physician to an employee of the milling company.

By agreement of all parties involved, the two cases are presented together, with understanding that the issues are identical and that one opinion will suffice.

Under stipulations, but one question is presented for review, and that question is as to whether or not the Justice of Peace Court,

in which the suits were originally brought, and the circuit court to which appealed, had jurisdiction to act.

The parties entered into a stipulation of facts that may be taken as true, which is as follows, to-wit:

"1. That the defendant Midland Flour Milling Company was a corporation.

"2. That the defendant had more than ten employees regularly employed at all times in question in this case.

"3. That the defendant and Norton had accepted the terms of the Compensation Act of Missouri and were working under and subject to the terms and provisions of the Compensation Act at all the times involved in this case.

"4. That the plaintiffs, Dr. Charles S. Nelson and Dr. Paul F. Stookey, were duly licensed physicians and surgeons and authorized to practice their profession under the laws of Missouri at the times they attended Mr. Norton.

"5. That the services rendered by the two plaintiffs, Dr. Stookey, were rendered within the first ninety days after the alleged injury to Floyd Norton."

In the trial in the Justice of the Peace Court the defendant prevailed on the ground that that court held it did not have jurisdiction and the causes were dismissed. Appeals were taken to the circuit court and said court held in plaintiffs' favor on the jurisdictional question, and each case was submitted to the court without a jury, and judgment for plaintiff in case No. 20287 and for $225, and in case No. 20288 was for $282. The defendant duly appealed in each case.

We will continue to refer to the parties as plaintiffs and defendant to conform to the situation in the trial court.

## OPINION.

Under the stipulations and presentation in briefs filed herein, our review is limited to question of jurisdiction alone and intended as applying to such question only. We are not, therefore, concerned herein as to the merits of the respective cases, as they might differ, one from the other, considered from the standpoint of weight of evidence or concerning application of law to respective merits.

The question of jurisdiction of the Workmen's Compensation Commission has been frequently before our appellate courts, wherein the discussion involved some phase of the questions as presented from the specific facts presented.

In the case at bar the question of jurisdiction, as presented, opens up the full scope of the administration of the Workmen's Compensation Act from the standpoint of its jurisdiction and calls for an extensive investigation of court opinions wherein any phase of jurisdictional question has been under discussion. Before attempting to write an opinion herein, we have made an exhaustive research and conclude

that no one case is conclusive as to all phases of the subject, and that there are expressions in some opinions which, if segregated from context, would be misleading. However, when cases are differentiated the harmony is restored and the general principle involved finds application to the solution of the question as a whole.

As before stated, the issue in its most comprehensive phase is squarely presented in the case at bar. The defendant states its contention as follows:

"The court erred in giving judgments to the respondents here because upon the face of the record the claim of the respondents is based upon alleged medical treatment for an accidental injury to an employee when the record shows that both the employee and the employer were governed by the Missouri Compensation Act which Act provides that the Missouri Compensation Commission has exclusive jurisdiction over such claims."

The plaintiffs join issue with contention as follows:

"Appellant's contention that jurisdiction over plaintiffs' causes of action was, by the Workmen's Compensation Act, vested in the commission, would, if sustained, render the act itself unconstitutional and void because, under Article VI, Sections 1, 22 and 23 of the Constitution of Missouri, the Legislature has no constitutional right to clothe the commission with judicial powers, and because such construction would deny plaintiffs the right to institute an action at law upon their contracts for services in violation of Article II, Sections 10 and 30, of the Constitution of Missouri, and of the Fourteenth Amendment to the Constitution of the United States."

As to the Workmen's Compensation Act, the Supreme Court in De May v. Liberty Foundry Co., 37 S. W. (2d) 640, 327 Mo. 495, declares the act constitutional. In the above opinion it is declared that the act creates *entirely new rights* or remedy in favor of *employee*, electing to *accept*, or his dependents. It is also held that all other rights and remedies of the *employee* are supplanted by the act, except as *not provided* for in the *act*.

The aforesaid opinion holds the Act constitutional for reason of fact that it affords remedy for injury occasioned without fault or negligence and for the further reason that the act is elective. The opinion further states that *generally* one may waive constitutional right when public policy is not involved. The opinion further declares that the acceptance by the employee makes his remedy thereunder exclusive for himself and for his dependents. It is further held that finding of fact by the commission is conclusive.

The court opinions in Missouri are uniform in holding that the Workmen's Compensation Commission has exclusive original jurisdiction in the making of award for compensation due to the employee from an employer who comes within the provision of the law. It is also held that medical and hospital services are compensation and

that the Workmen's Compensation Commission has exclusive jurisdiction to award such compensation as is chargeable to the employer under the limitations as to amount provided for in the act.

It must be understood that such jurisdiction as is conferred upon the Workmen's Compensation Commission, whether exclusive or otherwise, refers to the new right or remedy created by the act and no jurisdiction is given as to matters of right or remedy not provided for in the act.

The defendant herein cites numerous cases wherein the commission had exercised its jurisdiction, unquestioned, and which were before the appellate courts for review on questions other than question of jurisdiction of the tribunal in which reviewed. In these opinions the expressions, jurisdiction and exclusive jurisdiction, appear. As to such cases, we refrain from comment for the reason that segregated expressions taken from these cases would but confuse the one issue now before us for review.

There are, however, cases wherein the commission had made awards wherein constitutional question as to jurisdiction had been raised; cases wherein jurisdiction of commission is discussed; cases wherein no claim had been filed with the commission or the same had been settled upon lump sum compromise; and also cases wherein jurisdictional question is discussed on appeal wherein medical service had been disallowed. Such cases, in certain respects, are pertinent to the issue herein involved and require comment.

In respect to the new rights or remedies created by the act, the same are in derogation of the common law and it follows that as to all rights or remedies not provided for in the act, they remain unaffected.

Defendant cites Section 3691, Revised Statutes Missouri 1939, wherein it is provided: "The rights and remedies herein granted to an employee, shall exclude all other rights and remedies of such employee, his wife, her husband, parents, personal representatives, dependents, heirs or next of kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter." Defendant also cites Section 3701 of the Act.

Section 3691 concerns only rights and remedies of employee and dependents, and Section 3701 provides for award of compensation for medical attendance and gives to the commission exclusive original jurisdiction to award for such compensation as is chargeable, under the act, to the employer.

There is nothing in the above sections prohibiting a physician from prosecuting an action at law against an employer of labor if same is based on a contract between the physician and the employer, and nothing therein attempted to confer jurisdiction, exclusive or otherwise, in such a situation.

Defendant cites Aldridge v. Reavis, 88 S. W. (2d) 265. Aldridge filed suit in the circuit court of Cole County, Missouri, against Reavis, an employer under the act, to recover for services rendered an employee of Reavis.

The employee involved had duly filed claim before the commission and the same had been fully heard and concluded. In the opinion, by this court, it was said as to above award that the commission had exclusive jurisdiction in the making of the aforesaid award.

The above case was tried upon its merits in the trial court, resulting in judgment for defendant and upon appeal to this court judgment was affirmed.

The opinion in the Aldridge case is not ruled upon question of jurisdiction of the Cole County Circuit Court. The opinion in effect is against defendant's contention. For this court to have held that the circuit court had no jurisdiction would defeat this court's jurisdiction and we would have no other course to follow than to have dismissed the appeal on grounds that the action by the circuit court was *coram non judice.*

In the case at bar no direct award was ever made by the Workmen's Compensation Commission. The defendant herein and his employee made a bulk sum compromise settlement, which the commission approved. Such a settlement cannot be construed as conclusive of the rights of the plaintiffs herein.

In Gronoway v. Markham, 115 S. W. (2d) 136, 232 Mo. App. 1118, this court had before it a case which bears analogy to the case herein. In the Gronoway case no claim was shown to have been filed with the commission. In the Gronoway case, as in this case, the plaintiff plead the services to defendant's employee was based on a contract with the employer. In the Gronoway opinion, 115 S. W. (2d) l. c.. 138, Mo. App. l. c. 1121, the opinion states:

"Defendants cite no case that supports the contention that the Workmen's Compensation Commission has exclusive jurisdiction in matters of allowance and amount of medical services to an employee injured while engaged in the work of his master. We have been unable in our research to find a case wherein any such contention was made. As a matter of first impression, we hold that there is no such exclusive jurisdiction lodged in the Workmen's Compensation Commission of Missouri. If such exclusive jurisdiction existed, it would permit employers to, by settling with their injured employees with out recourse to the commission, defeat obligation for services rendered at said employers' request."

Defendant cites McEneny v. Kresge Company, 62 S. W. (2d) 1067, 333 Mo. 817.

The above case originated before the commission and does not involve the issue of jurisdiction. The commission had denied compensation and the employee appealed. There is no jurisdictional ques-

tion involved in the above case. However, there are matters and conclusions stated therein which throw light upon such issue.

The question of limitation of time for filing of claim by the employee is the principal issue involved in the McEneny case. The opinion holds that employment for medical services, by employer or insurer, regardless of whether paid for or not, constitutes payment of compensation and that such act tolls the statute. The following language used in the opinion is significant as throwing light on contract with physician, for whom the act creates no new right or new remedy, to-wit:

"The question of payment to the physician is a matter wholly between him and the person that employed him, and the mere fact that the physician has not been paid for his services by the one who employed him cannot affect the rights of the injured person who is not a party to the contract between such physician and his employer. If the employer or his insurer has engaged the services of a physician to render medical aid to an injured person, the rendition of such medical aid, in pursuance of such an arrangement, constitutes as to the injured person a payment on account of the injury."

The above is significant when considered in the light that the new right or remedy created by the act is for the employee.

This court had before it a similar question, as above, in Morrow v. Orscheln Bros. Truck Lines, 151 S. W. (2d) 138, 235 Mo. App. 1116.

The St. Louis Court of Appeals also had the same question before it in Blahut v. Liberty Creamery Co., 145 S. W. (2d) 506. In the above case the employment of physician was by the manager of the employer company.

As bearing upon the fundamental principle involved in the question herein, there appears in the opinion, Nigro v. Maryland Casualty Co., 53 S. W. (2d) 414, 418, comment helpful to solution of question herein. The above case does not involve in any respect the compensation act.

As preliminary to comment upon the above case, we state what we conclude is fundamental, as follows, to-wit: The compensation act on its creation of new right for an employee and providing, as between employee and employer, remedial procedure, does not annul any right or remedy at law or in equity, which others had independent of the act.

In the Nigro opinion it is held that the question as to whether or not a physician was employed by an employer to treat an employee, is a question for a jury. The opinion is further to the effect that an employer is liable to the physician until he requests services to cease.

Pertinent to the potency of the above holdings, the physician had treated the employee long after the employee had brought a suit against the employer.

The enactment of the Workmen's Compensation Act could not and did not abolish or impair a single right of contract that existed before the act was passed and the constitutionality of the Act, De May v. Liberty Foundry, *supra,* rests upon the right of contractual acceptance by the employee.

The complexities of modern civic life have been the cause of many inovations and the creation of bureaus or legislative agencies, with administrative powers, have as a result come into multiple existence. The utility of these agencies must not be permitted to destroy the safeguards to those rights and liberties vouchsafe to us by the fundamental principles of our government structure.

The judicial branch of our government is delegated with definite sovereign governmental function which, while coordinate, is independent of the legislative and executive branches. Our courts are not only the sole administrative agents of these functions, but are guardians of the sovereign rights of people in respect to the maintenance of same. Our trial courts of general jurisdiction are the outer guards of the people's rights and while, within limits, litigants can waive rights and remedies, they can neither give nor take from the courts their jurisdiction, nor can the legislative branch nullify the constitutionally delegated functions of such courts. The courts of this country must not permit the birthright of liberty to be bartered for a mess of pottage.

The question, "exclusive jurisdiction", involved herein, has occasioned a somewhat exhaustive research and we deem it pertinent, to a clear understanding of our conclusion herein, to briefly state in a general way conclusions concerning the full scope of authority of administration conferred upon the Workmen's Compensation Commission by the legislative act creating said legislative agency. In reaching these conclusions, we have based the same principally on judicial comment of our state courts. However, all of our conclusions conform to well considered opinions of the U. S. Courts and also of courts of sister states.

We conclude that as to any physician who accepts employment directly by an employee under the act, the commission has exclusive jurisdiction to award compensation and the compensation allowed by the commission for his services definitely fixes the compensation due and payable by the employer.

We conclude further, that if there is a contract between the physician and the employer, wherein it is agreed between them that the amount for services is to come within the contemplation of the provisions of the act, then original exclusive jurisdiction to award the compensation rests with the commission and fixes definitely the obligation of the employer.

We conclude further that where a physician furnished services under such condition as creates a contract, actual or implied, obli-

gating the employer to pay for the same, that in such event the physician has the right to bring suit in the courts of this State and recover for contracted or reasonable value of his services as determined in trial to a jury.

We conclude further that where the obligation to pay is direct with an employer, an allowance made for compensation for medical services provided under the act and accepted as part payment by the physician, does not bar the physician's right to go into court and sue and recover for any balance due under his contract with the employer.

The summary of our conclusion is this: An employer, regardless of the compensation act, can contract for medical and hospital services for his employee, and those rendering such service are not barred from common law or statutory action to enforce their rights, and that our Justice of the Peace Courts, within limitation as to amount, and our circuit courts, without limitation as to amount, have jurisdiction.

The question of jurisdiction, original and otherwise, must be determined under the law and facts of each case and always, in the light of the fact that judicial function is delegated only to the judicial branch of our government, it must be kept in mind that a nullification of the judicial function of our courts removes from our governmental machinery the cog wheel that gives potentiality to the rightful administration of justice.

To a rightful understanding of our conclusion of jurisdiction involved herein, we state in substance material facts testified to by the wife of the employee.

The testimony of Mrs. Norton, wife of the injured employee, is that she made request of defendant's foreman for the company doctor to treat her husband and he told her it was impossible for said doctor to attend him on account of the fact that he was sick. She further testified of introducing said superintendent to Dr. Nelson and that the doctor and superintendent had a conference, out of her presence, and that the superintendent thereafter told her, "don't change doctors now, I think that Dr. Nelson understands what he was doing." Mrs. Norton's testimony is further to the effect that the superintendent told her his reason for wanting Dr. Nelson on the case was that the company doctor was sick and had died since her husband's hospitalization. Mrs. Norton further testified that Mr. Morris, the defendant's superintendent, told her over the phone "to get everything that Floyd (employee) would need and they would pay for it."

The evidence is clearly to the effect that Dr. Nelson called in Dr. Stookey and that he continued as consultant in the case.

We conclude there is sufficient credible testimony to raise issue of fact as to the employer's liability under contract.

We have at length gone into the fundamental principles involved and stated a few facts in evidence for a single purpose.

It is not within the scope of our review herein to review and pass upon the merits, or to review as to the law further than as to the judicial question presented.

Based upon our conclusion as to jurisdiction, as applied to the facts and circumstances involved, we conclude that the circuit court had jurisdiction to hear and determine the matters presented in the pleadings in the cases herein under consideration.

Ruling against the defendant (appellant) on the one point presented in its brief, we have but one course to follow.

The judgment is affirmed. *Bland* and *Cave, JJ.,* concur in result.