**Dr. M.E. SCHOPP, d/b/a Twin City Chiropractic Center, Plaintiff,**

v.

**Duke C. MATLOCK, d/b/a Duke's Plastering Service, and Insurance Company of North America, Defendants.**

No. 64946.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 26, 1994.

---

Mitchell D. Jacobs, Clayton, for appellant.

Gary E. Wiseman, Kortenhof & Ely, St. Louis, for respondent.

AHRENS, Judge.

In this court-tried case, defendants appeal the trial court's denial of a motion to dismiss for lack of subject matter jurisdiction.[1] We vacate the judgment of the trial court and remand with instructions to dismiss the action.

Plaintiff Dr. M.E. Schopp provided chiropractic treatment to Dennis Greenlee. Mr. Greenlee, an employee of defendant Duke's Plastering Service ("employer"), claimed to have been injured in an accident at work on July 24, 1989. As a precursor to providing treatment, plaintiff had Mr. Greenlee ("employee") give his employer an "Authorization for Treatment" form to sign. The form stated that in exchange for plaintiff providing care to employee, employer promised to "file the necessary claim forms with the State Compensation Insurance Fund or our insurer." Employer's insurer is defendant Insurance Company of North America. Employer signed the authorization form on July 26, 1989, and employee returned it to plaintiff. Plaintiff subsequently provided chiropractic treatment to employee.

Plaintiff brought a contract claim against defendants to recover payment for these chiropractic treatments. In response, defendants filed a pretrial motion to dismiss for lack of subject matter jurisdiction. After all the evidence had been presented, the trial court overruled the motion to dismiss and entered judgment for plaintiff in the amount of $2,307.00.

■ Defendants contend that the trial court erred in denying the motion to dismiss. They argue that the Labor and Industrial Relations Commission ("Commission") had exclusive original jurisdiction to hear plaintiff's claim pursuant to the Workers' Compensation Act. Chapter 287, RSMo 1986. We agree.

Section 287.120, RSMo 1986, provides in pertinent part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be

1. Defendants appeal brief violates Supreme Court Rule 84.04(h) by not including any references to the legal file or transcript in its statement of facts. However, we elect to review the appeal on its merits.

released from all other liability therefor whatsoever, whether to the employee or any other person....

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next of kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

■ The Workers' Compensation Act ("Act") is to be liberally construed to effectuate its purposes. *Hacker v. City of Potosi,* 351 S.W.2d 760 (Mo.1961). The purpose of the Act was to create an entirely new right or remedy in favor of injured employees for accidents in the course of employment. *Wengler v. Druggists Mutual Ins. Co.,* 583 S.W.2d 162, 167 (Mo.1979). This new right or remedy is wholly substitutional in character and supplants all common-law tort remedies previously available to employees. *Id.* However, the Act did not destroy any rights or remedies independently held by others. *Stookey v. Midland Flour Milling Co.,* 237 Mo.App. 1221, 171 S.W.2d 750, 753 (1943). Therefore, plaintiff may bring a contract claim if it is independent of the right or remedy created by the Act. *Id.* 171 S.W.2d at 752.

■ In *Stookey* the court addressed the issue raised here: does a trial court have jurisdiction to hear a contract claim brought by a medical provider against an employer for medical services provided to its employee? The *Stookey* opinion differentiated between two types of contract claims. *Id.* at 745. The first type of contract is one in which the medical provider and the employer agree that payment "for services is to come within the contemplation of the provisions of the Act." *Id.* The second type of contract is one in which the employer agrees to pay for any medical services provided to its employee regardless of whether the work-related injury comes within the provisions of the Act. *Id.* Jurisdiction, in the former situation, lies exclusively with the Commission. *Id.* Conversely, in the latter situation, jurisdiction may lie with the trial court. *Id.*

■ A long line of Missouri cases hold that the Commission has exclusive original jurisdiction to hear any claim in which a threshold question is whether a work-related injury resulted from an accident arising out of and in the course of employment. *Porter v. Erickson,* 851 S.W.2d 725, 734 n. 1 (Mo. App.1993). Therefore, we must vacate the trial court's judgment for lack of jurisdiction if such a threshold question exists here.

■ A motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by a preponderance of the evidence, that the court is without jurisdiction. *Lederer v. Director of Division of Aging,* 865 S.W.2d 682, 684 (Mo.App.1993); *See* Rule 55.27(g)(3). The decision to dismiss for lack of subject matter jurisdiction is a question of fact left to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Gabler v. McColl,* 863 S.W.2d 340, 342 (Mo.App. 1993). Plaintiff contends that the "authorization for treatment" form created an express or implied promise to pay for employee's chiropractic treatment. A preponderance of the evidence in the record before us demonstrates that employer did not assume responsibility for employee's medical bills but merely promised to file the necessary claim forms with the State Compensation Insurance Fund. Employer is only liable for employee's medical bills under the "authorization for treatment" contract if employee was injured in an accident arising out of and in the course of employment. This factual determination is within the exclusive original jurisdiction of the Commission.

The circuit court abused its discretion in concluding that it had subject matter jurisdiction to hear plaintiff's contract claim. The judgment is vacated and the case is remanded to the trial court with instructions to dismiss the action for lack of subject matter jurisdiction.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.