ROBERT G. DOWD, Jr., C.J. and CHARLES B. BLACKMAR, Senior Judge, concur.

**In re J.M.Z.**

**Robert R. Zuehlke and Sandra H. Zuehlke, Appellants,**

**v.**

**Stephanie P. Zuehlke, Respondent.**

**No. 74127.**

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 8, 1998.

Summers, Compton, Wells & Hamburg, PC, Ralph Levy, III, St. Louis, for appellant.

Jerry S. Jacko, St. Louis, for respondent.

KENT E. KAROHL, Judge.

Robert and Sandra Zuehlke (Grandparents) appeal the dismissal of their "Petition For Order of Child Protection" (Petition). Grandparents filed the Petition seeking relief solely from their daughter, the minor child's mother, Stephanie Zuehlke (Mother), based on allegations of abuse. Grandparents sought relief pursuant to the Missouri "Child Protection Orders Act (Act)." Sections 455.500 to 455.538 RSMo 1994 and RSMo Cum.Supp.1997. We reverse and remand.

The evidence supports finding the following facts. Mother gave birth to J.M.Z. (Child), on December 15, 1991. Sometime thereafter, a St. Charles County Circuit Court declared Jay M. Cooney (Father) to be Child's biological father. On December 13, 1996, the court awarded primary physical custody of Child to Petitioners, the maternal grandparents, with rights of temporary custody to Mother and Father.[1]

On November 19, 1997, Grandparents filed a Petition requesting a full order of protection. They sought an order restraining Mother from: (1) "abusing, threatening to abuse, molesting or disturbing the peace of the child"; (2) "having any contact with the child, except as specifically authorized by the Court"; and, (3) "entering the premises of the family home of the child, except as specifically authorized by the Court." They also asked the court to deny Mother visitation until further notice of the court, and, order Mother to submit to and pay for drug testing. They requested the court to appoint Philip J. Ohlms, an attorney, as guardian ad litem (GAL) for Child, because of his extensive knowledge of the case.

As grounds for their Petition, Grandparents alleged that Child was the victim of threats of physical abuse by Mother. They also alleged: (1) intentional infliction of emotional abuse on Child; and, (2) that Child was in immediate and present danger when Mother had visitation on weekends and holidays, pursuant to the previous court order. Grandparents did not allege abuse by Father and sought no relief from him.

The court issued a Notice of Hearing on the Petition. It also ordered that Ohlms serve as GAL. It took judicial notice that, according to the Petition, the Grandparents were the legal custodians of Child and, therefore, were seeking an amendment of visitation and not an amendment of custody. On December 5, 1997, the case was transferred to another division of the circuit court because it had entered the existing custody order. The GAL recommended, and the court ordered, that Mother's visits with Child be supervised by the Department of Family Services until further order of the court.

The hearing on the Petition was to occur on February 11, 1998. Prior to the hearing, the court heard oral motions. It sustained Mother's motion to dismiss the Petition. The court dismissed for lack of jurisdiction and failure to join Father, a necessary party to the action.

Grandparents argue two points on appeal. First, the trial court erred in dismissing their Petition for lack of subject matter jurisdiction. Second, the court erred in dismissing their Petition based upon a finding that Father was a necessary party.

■ We review a decision to dismiss for lack of subject matter jurisdiction pursuant to an abuse of discretion standard. *Schopp v. Matlock*, 880 S.W.2d 357, 359 (Mo.App. 1994). It is a question of fact left to the sound discretion of the trial judge and will not be reversed absent such an abuse. *Id.* "Dismissal for lack of subject matter jurisdiction is proper when it appears, by a preponderance of the evidence, that the court is without jurisdiction." *Beth Hamedrosh Hagodol Cemetery Ass'n. v. Levy*, 923 S.W.2d 439, 442 (Mo.App.E.D.1996).

The court found that Grandparents' exclusive or proper remedy for the type of relief sought, was a motion to modify an existing order of custody. The court said, in pertinent part, "[t]he court file reflects that a prior order of custody existed in this case. In spite of the prior order of custody, that a motion was filed for an order of child protection." Moreover, the court entered the following order:

---

1. The Judgment of December 13, 1996 was amended by an Order dated January 17, 1997.

The Court finds that the filing of a child protection order is outside the statutory construction granted in this case; that the correct remedy was a motion to modify with an order to show cause of why an expedited hearing was necessary. The Court will therefore find that the Court lacks jurisdiction to hear a request for a full order of protection under the child protection order.

The Court will further find that any consent order which was entered in this case was, by its own terms, an interim order only and therefore the issue of whether or not a full order should be entered is ripe before this Court and this Court finds, as a matter of law, that it does not have the right to have a child order of protection which supersedes or modifies an existing temporary custody order.

■ We find that the trial court has subject matter jurisdiction to hear this case. The court erred when it found that a motion to modify was the only available remedy. A motion to modify and an order of protection afford remedies different from one another, both applicable to this action. Sections 455.035 and 455.040 of the Act, construed together, provide for a hearing on an order of protection expeditiously. In fact, the court proceeds with haste to order protection of a child. These sections provide, in pertinent part:

[T]he court may immediately issue an ex parte order of protection ... [a]n ex parte order of protection shall be in effect until the time of the hearing ... [n]ot later than fifteen days after the filing of a petition under sections 455.010 to 455.085 a hearing shall be held ...

■ The court erred when it held that a motion to modify was the only appropriate remedy where a prior order of custody already exists. Section 455.534 of the Act specifically allows the court to entertain the Petition, as an additional remedy to all other civil remedies. Words used in a statute are to be considered in their plain and ordinary meaning in order to ascertain the intent of the legislators. *Seger v. Downey*, 969 S.W.2d 298, 299 (Mo.App. E.D.1998). Section 455.534 RSMo 1994 provides:

All proceedings under sections 455.500 to 455.538 *are independent* of any proceeding for dissolution of marriage, legal separation, separate maintenance and other actions between the parties *and are in addition to any other available civil or criminal remedies,* unless otherwise specifically provided in sections 455.500 to 455.538. (emphasis added)

In fact, Section 455.523.1–.2 RSMo 1997, which sets forth the perimeters of relief when a full order of protection is requested, only identifies one instance where the court, after entering a full order of protection, cannot take further action. It provides in part:

1. Any full order of protection granted under sections 455.500 to 455.538 shall be to protect the victim from abuse and may include: (1) Temporarily enjoining the respondent from abusing, threatening to abuse, molesting or disturbing the peace of the victim; (2) Temporarily enjoining the respondent from entering the family home of the victim, except as specifically authorized by the court; (3) Temporarily enjoining the respondent from having any contact with the victim, except as specifically authorized by the court.

2. When the court has, after hearing for any full order of protection, issued an order of protection, it may, in addition: (1) Award custody of any minor child born to or adopted by the parties when the court has jurisdiction over such child and no prior order regarding custody is pending or has been made, and the best interests of the child require such order be issued; ..."

■ The trial court erred when it interpreted this provision to invalidate subject matter jurisdiction. The plain language of this statute specifically grants jurisdiction to, not only conduct a hearing on a full order of protection, but enter a judgment granting a full order of protection. It also allows the court to award further remedies. Only when an order of custody is pending or already exists can the court not make an award of custody *additional to* the full order of protection. In their Petition, Grandparents acknowledged that they were seeking an

amendment of visitation, not an amendment of custody, as they were already the legal custodians of the Child.

The statute governing an ex parte order of protection *specifically* sets forth that such an order will only be issued "upon finding that no prior order regarding custody is pending or has been made." Section 455.513.1 RSMo 1997 provides in part:

[u]pon the filing of a verified petition under sections 455.500 to 455.538, for good cause shown in the petition, and upon finding that no prior order regarding custody is pending or has been made, the court may immediately issue an ex parte order of protection.

There is no comparable restriction for a full order of protection entered after a hearing. Grandparents did not request an ex parte order. They filed their Petition seeking relief solely from Mother based on a hearing. Mother was personally served prior to the hearing and represented by counsel. The provisions for ex parte orders are irrelevant. Furthermore, it is clear from the different language of the two statutes that the legislature did not intend a full order of protection to be burdened in the same way as an ex parte order. The statute conferred subject matter jurisdiction.

■ In their second point, Grandparents argue that the trial court erred in dismissing their Petition based upon a finding that the minor child's biological father was a necessary party. The trial court found, in pertinent part: "[t]he Court will further find that a necessary party to this action is the natural father of the minor child and that person was not joined."

Rule 52.04 governs the joinder of persons needed for just adjudication. It provides that:

[a] person shall be joined in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest

or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been joined, the court shall order that the person be made a party.

Moreover, the Uniform Child Custody Jurisdiction Act (UCCJA) applies to proceedings in which a custody determination, including visitation rights, is one of several issues. Section 452.445.1–2 RSMo 1994. Section 452.485 states that if the court learns that:

.. a person not a party to the custody proceeding has physical custody of the child or claims to have custody or visitation rights with respect to the child, it may order that person to be joined as a party and to be duly notified of the pendency of the proceeding and of his joinder as a party.

The language of this statute does not mandate that the court join Father as a necessary and indispensable party. Instead, the statute merely states that a person, such as Father, *may* be joined. There is no authority to support an order of dismissal because Father was not joined where there was no request for relief against Father.

It has been held that the joinder of the natural father and presumptive father is required in cases where paternity is in question. *J.M.L. v. C.L.*, 536 S.W.2d 944 (Mo. App.1976). In *J.M.L.*, the court held that both the minor child and the husband of the natural mother at the time of the child's birth had to be joined as parties, because they were indispensable to an action for paternity. *Id.* at 946. Moreover, due process dictated that the presumptive father must be joined as a necessary party. *Id.* The court determined that without all of these parties, "complete relief" could not be accorded to all parties. Rule 52.04(a)(1). Obviously, the case implicated relief against the presumptive father. The court held that the presumptive father "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest." *Id.;* Rule 52.04(a)(2). It found that the pre-

sumptive father had an interest in the child that would require that he be given notice of a paternity action or "any action attempting to affect any of his rights as presumptive and legal father of J.A.L." *Id.* at 946–947.

The present Petition does not affect any interest of Father. Paternity is not at issue. In fact, paternity has been established and is not disputed. Grandparents seek protection of the minor only against Mother. Pursuant to 52.04(a)(1), Father's absence will not prevent complete relief from being granted those already named. No reason appears in the factual context to require joinder.

We reverse and remand.

ROBERT G. DOWD, Jr., C.J. and ROBERT G. CRIST, Sr. J., concur.