Rozalia GARNER, Petitioner-Respondent,

v.

**MISSOURI DIVISION OF FAMILY
SERVICES, Defendant-Appellant.**

No. 40877.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 9, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 16, 1979.

Application to Transfer Denied
Jan. 15, 1980.

Paul T. Keller, Jefferson City, for defendant-appellant.

Brooke A. Berger, Legal Services of Eastern Mo., St. Louis, for petitioner-respondent.

CRIST, Judge.

This case involves an appeal from an administrative proceeding wherein the Director of Missouri's Division of Family Services found applicant/respondent ineligible for supplementary nursing care benefits. Specifically, the Director declared applicant ineligible because she held equity in realty (jointly with her husband) of an amount in excess of $10,500.00, the maximum allowable amount as established by § 208.010–2(4), RSMo.1975 Supp. The Circuit Court of St. Louis County reversed the Director and he appeals. We affirm the judgment of the circuit court.

The facts are not in dispute. Applicant is a nursing home resident, because of her poor physical condition, whose only substantial asset is her interest in the jointly owned family home. She is physically separated from her husband who lives in this family home. Their physical separation is exclusively due to applicant's infirmities, and her husband has neither deserted nor abandoned his wife.

■ Director's determination of applicant's eligibility for supplementary nursing care benefits necessarily involved a construction of § 208.010–2(4), RSMo.1975 Supp., which provides:

"2. Benefits shall not be payable to any claimant who:

. . . . .

(4) Owns or possesses property of any kind or character, or has an interest in property, of which he is the record or beneficial owner, the value of such property, as determined by the division of family services, less encumbrances of record, exceeds ten thousand five hundred dollars, or if married and *actually living with* husband or wife, if the value of his or her property, or the value of his or her interest in property, together with that of such husband and wife, exceeds said amount; provided,

however, that in the case of an aid to dependent children claimant this limitation shall apply only to property owned by parent and child or children in the home and not to other relatives with whom the child may reside." (Emphasis added.)

Director concluded § 208.010–2(4), RSMo. 1975 Supp., demanded that husband's resources, as well as applicant's, be considered. Applicant admits that the value of the jointly held home was $13,000.00. Assistance was thereby denied.

In construing the above quoted statute, Director adopted the following interpretation:

"When there has been estrangement, desertion or abandonment and the husband and wife are living apart for reasons other than health, each person may own property up to the maximum of $10,-500.00. [*Division of Family Service Manual*, Chapter XI, § VI, p. 1]"

In light of the foregoing, the issue hinges on Director's interpretation of the phrase "actually living with."

■ Under § 208.100–5, RSMo.1969, review is limited to whether or not a fair hearing has been granted and whether Director's decision is supported by competent and substantial evidence on the whole record. See *Hill v. State Dept. of Public Health & Welfare*, 503 S.W.2d 6, 11 (Mo. banc 1973). Director's decision is so supported if he could reasonably have reached the challenged decision. *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50, 53 (Mo.App.1975). And, Director's interpretation or construction of the statute in question is entitled to great weight. *Foremost-McKesson, Inc. v. Davis*, 488 S.W.2d 193 (Mo.banc 1972). Administrative rules and regulations should be sustained, if reasonable.

However, Director's narrow construction of the statute at issue was such that applicant did not receive a fair hearing. Section 208.010–2(4), RSMo.1975 Supp., allows Director to consider the full value of jointly held property only if an applicant is mar-

ried and "actually living with" her spouse. By using the term "actually" the statute clearly is concerned about the physical and not merely the legal separation of married couples.

To the extent that Director's regulations require a discontinuance of the marital relationship before property will be separately evaluated, such regulations are overly restrictive and unauthorized by statute. For the reason that applicant is a full time resident in a nursing home and does not "actually live with" her husband, Director erred by using the full value of jointly held property when he made his determination of ineligibility.

Judgment of the circuit court affirmed.

REINHARD, P. J., and GUNN, J., concur.