Lawrence F. SEGER, Appellant,

v.

Edward F. DOWNEY, et. al., Respondent.

No. 73258.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 9, 1998.

Gerald F. McGonagle, Kansas City, for appellant.

Dean L. Cooper, Gregory C. Mitchell, Jefferson City, for respondent.

CRANDALL, Judge.

Appellant, Dr. Lawrence Seger, appeals from the judgment of the circuit court affirming the decision of the Missouri State Board of Chiropractic Examiners (Board) to impose discipline after the Administrative Hearing Commission (AHC) found cause to discipline Dr. Seger. We affirm.

Dr. Seger is a Missouri licensed chiropractor. He owns Ellisville Chiropractic Clinic (clinic). During the time relevant here, Dr. Tom Koontz, Dr. Jenny Crosby and Dr. Timothy Ellefson worked at the clinic. In approximately January 1992, the clinic entered into an association with Vic Tanny Health and Fitness Club to perform spinal screening for its members. To market this association, Dr. Seger instructed Contemporary Sales, Inc. (Contemporary) to make a flier. The flier included a space for photographs of the doctors that worked at the clinic. Under these spaces, credentials of the respective doctors were listed. During the relevant period, Dr. Koontz had a chiropractic degree but was not licensed to practice.

The Board filed a complaint against Dr. Seger alleging violations of sections 331.060.2(10) and (14).[1] The AHC conducted a hearing and issued findings of fact and conclusions of law. The AHC found in part that in 1987 and 1991 the Board issued written warnings to Dr. Seger regarding the

1. All statutory references are to RSMo 1994.

content of his advertisements, Dr. Seger instructed Contemporary to make promotional fliers from earlier fliers by replacing old information with new information, Contemporary often printed material for Dr. Seger containing many errors, Contemporary produced a copy of the flier with four spaces of equal size and next to each space the four doctors' names were listed, the flier contained untrue statements about Dr. Seger's credentials,[2] Dr. Seger "okayed" a copy of the flier, and Dr. Seger distributed 136 fliers before the Board ordered him to stop. The AHC concluded that the flier was misleading regarding (1) Dr. Seger's credentials and (2) the "obvious conclusion to be drawn from the flier" that Dr. Koontz was available at the clinic, like the other doctors, to provide chiropractic care. The AHC concluded that Dr. Seger was subject to discipline under section 331.060.2(14) and that intent was not a required element to discipline under this subsection.[3]

■ The Board conducted a disciplinary hearing and ordered Dr. Seger's license to practice chiropractic be placed on probation for two years. Dr. Seger filed a petition for review in the circuit court pursuant to section 536.100. The circuit court affirmed and Dr. Seger raises one point on appeal.

■ We treat the AHC's decision and the Board's disciplinary order as one decision and as the final decision of the AHC subject to review. *Larocca v. State Bd. of Registration for the Healing Arts,* 897 S.W.2d 37, 39 (Mo.App. E.D.1995). We review this decision and not the judgment of the circuit court. *Boyd v. State Bd. of Registration for the Healing Arts,* 916 S.W.2d 311, 314 (Mo. App. E.D.1995).

■ Dr. Seger argues that the AHC misapplied the law by concluding that intent is not an essential element for finding a violation of section 331.060.2(14). This presents a question of law. *Boyd,* 916 S.W.2d at

314. An administrative agency's decision based on its interpretation of law is a matter for the independent judgment of a reviewing court. *Id.* In construing a statute, the words used in the statute are to be considered in their plain and ordinary meaning to ascertain the intent of lawmakers. *Id.* at 315. Section 331.060.2 provides in part:

2. The board may cause a complaint to be filed with the administrative hearing commission as provided by chapter 621, RSMo, against any holder of any certificate of registration or authority, permit or license required by this chapter . . . for any one or any combination of the following causes:

. . . .

(3) Use of fraud, deception, misrepresentation or bribery in securing any certificate of registration or authority, permit or license issued pursuant to this chapter or in obtaining permission to take any examination given or required by this chapter;

(4) Obtaining or attempting to obtain any fee, charge, tuition or other compensation by fraud, deception or misrepresentation;

(5) Incompetency, misconduct, gross negligence, fraud, misrepresentation or dishonesty in the performance of the functions or duties of any profession licensed or regulated by this chapter;

. . . .

(14) Use of any advertisement or solicitation which is false, misleading or deceptive to the general public or persons to whom the advertisement or solicitation is primarily directed.

Subsections (3), (4) and (5) of 331.060.2 contain the terms fraud and misrepresentation. Fraud and misrepresentation require intentional conduct. *See Hernandez v. State Bd. of Registration for the Healing Arts,* 936 S.W.2d 894, 899 n. 2, 3 (Mo.App. W.D.1997); *Missouri Dental Bd. v. Bailey,* 731 S.W.2d 272, 274–75 (Mo.App.1987). Use of the

---

**2.** The AHC found that the following five credentials on the flier were untrue for Dr. Seger, "Certified, National Board of Chiropractors," "Fellow, Foundation for Advancement of Chiropractic Education," "Member, Foundation for Chiropractic Education and Research," "Member, Parker Research Foundation," and "Member, Missouri Chiropractic Association Counsel

on Orthopedics, Sports Fitness and Physical Fitness."

**3.** The AHC concluded that there was not cause to discipline Dr. Seger's license under section 331.060.2(10).

terms fraud and misrepresentation indicates the legislature intended a scienter element be present for finding cause to discipline under certain subsections of section 331.060.2.[4] However, subsection 14 contains no language that could be interpreted as requiring a scienter element be present to find cause to discipline. If the legislature intended chiropractors to be subject to discipline only when they intentionally rather than negligently used false, misleading or deceptive advertising then it could have included the appropriate language. *Boyd*, 916 S.W.2d at 315.

Finding that subsection 14 does not require an intent to use false, misleading or deceptive advertising is consistent with liberally construing statutes that are as in this case remedial in nature. *See Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 341 (Mo. banc 1991); *Perez v. State Bd. of Registration for the Healing Arts*, 803 S.W.2d 160, 165 (Mo.App.1991). "The state has a legitimate interest in assuring that members of the general public are able to make an informed and intelligent choice when they seek medical care." *State Bd. of Registration for the Healing Arts v. Giffen*, 651 S.W.2d 475, 480 (Mo. banc 1983).

Dr. Seger's reliance on *State Bd. of Chiropractic Examiners v. Clark*, 713 S.W.2d 621 (Mo.App.1986), is misplaced. Nothing in the *Clark* opinion indicates that subsection 14 formed a basis for the Board's complaint or was in any way considered by the appellate court. Defendant's point is denied.

The judgment is affirmed.

AHRENS, P.J., and KAROHL, J., concur.

---

4. The legislature has also used the terms knowingly and willfully in other disciplinary statutes.

*See e.g.* Section 334.100.2(4),(10),(14),(17).