Lynman A. STAMPS,
Plaintiff-Respondent,

v.

Bishop Chester A. KIRKENDOLL,
Defendant-Appellant.

No. 48279.

Missouri Court of Appeals,
Eastern District,
Division One.

April 2, 1985.

Taylor R. REHKOP, Appellant,

v.

Irma Louise REHKOP, Respondent.

No. WD 35958.

Missouri Court of Appeals,
Western District.

March 29, 1985.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

Alif Amon Williams, St. Louis, for defendant-appellant.

Ira M. Young, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

Appellant, a bishop of the Christian Methodist Episcopal Church, appeals a trial court permanent injunction order that restricted him from "interfering with or barring [respondent] from conducting his ministry, receiving all compensation, allowances and entitlement due him or from exercising any right or duty as the pastor of Parrish Temple Christian Methodist Episcopal Church . . ."

The Christian Methodist Episcopal Church (CME) is a religious corporation with member churches throughout the United States, Africa, Jamaica and Haiti. The rules, laws, regulations and organizational structure of the CME religion are set forth in *Discipline*, a book distributed by the church. At the annual CME conference the bishop assigns each preacher to a parish. The assignment is effective until the next annual conference. In 1981 Bishop Kirkendoll assigned Reverend Stamps to Coleman Temple. In 1982 he was assigned to Parrish Temple. In 1983 he received no assignment. Reverend Stamps admits that the bishop need not reassign a preacher to a parish but maintains that the *Discipline* requires the bishop to give a preacher sixty days notice if he is to be transferred and he did not receive any notice. This, he concludes, demonstrates that he was wrongfully denied his position as pastor of Parrish Temple. The trial court granted Reverend Stamps an injunction requiring the bishop to reinstate him as pastor of Parrish Temple.

On appeal Bishop Kirkendoll questions the jurisdictional authority of a civil court to assign a minister to a parish. The injunction has that effect. In addition appel-

lant maintains that an injunction was inappropriate because Reverend Stamps' complaint is a church matter and he failed to follow the CME grievance procedures set forth in the *Discipline.* Reverend Stamps admits that he did not file an appeal with the church judicial committee but claims that since the appeals committee was improperly formed any action taken by them would not have been valid.

■ Generally "civil courts have no ecclesiastical jurisdiction and ordinarily cannot question acts of church discipline or the removal of a pastor or member." *Briscoe v. Williams,* 192 S.W.2d 643, 646 (Mo.App. 1946). However, if the controversy "involves protection of civil or property rights, even though arising out of a religious dispute, the civil courts will exercise their jurisdiction to protect such rights." *Williams v. Wilder,* 397 S.W.2d 696, 702 (Mo. App.1965). Assuming without deciding that employment as a church pastor is a protectable property right[1] we nonetheless find that the trial court order was improper.

The *Discipline* provides that when a traveling preacher is accused of immorality the Bishop should establish a committee to investigate, and, if possible, the accused and the accuser should be brought face to face. If the accused and accuser cannot be brought face to face and the accused evades an investigation he or she is presumed guilty.

In April of 1983 Bishop Kirkendoll received a complaint from members of the Coleman Temple concerning actions of Reverend Stamps. The bishop appointed a committee to investigate the matter. Reverend Stamps was invited to appear before the committee but was unable to attend their first meeting. A formal complaint was filed against Reverend Stamps two days before the annual conference which was to be held in August 1983. At the conference the bishop appointed a committee to investigate the formal complaint. The charges against Reverend Stamps were not read before the conference as required by the *Discipline.* After the conference the committee met to investigate the charge but Reverend Stamps declined to attend maintaining that he had never received a copy of the complaint against him. Reverend Stamps then filed a petition for an injunction with the civil court.

The *Discipline* provides for a judiciary council which has the right to hear and determine all appeals of the traveling preachers. Reverend Stamps did not approach the judicial council to appeal the recommendation of the committee or the Bishop's decision not to reappoint him to a parish.

■ Reverend Stamps argues that since proper church procedures were not followed (i.e. the charges were never read before the annual conference and he was unable to publicly respond to them) the Bishop's refusal to appoint him to a parish was improper. However, the CME Church allows a bishop to appoint ministers to a parish or not as he sees fit. There is no requirement that all ministers be assigned a parish. The *Discipline* requires that all ministers' character be passed by the conference but does not indicate that all ministers who are passed will be appointed. The requirement of sixty day notice prior to transfer does not require that notice be given if there will be no reappointment. Reverend Stamps was not denied any protected property right because as an em-

---

1. In *Olear v. Haniak,* 235 Mo.App. 249, 131 S.W.2d 375, 381 (1939) the court noted

[t]he disposition or removal of a minister or pastor, and the grounds therefor, are purely eccelesiastical matters, and the civil courts will not review the decision of competent eccelesiastical tribunals in regard thereto. Even a court of equity will not consider the question involved until all ecclesiastical remedies have been exhausted. Nor will the civil

courts take original jurisdiction of such matters where there are ecclesiastical tribunals competent to deal with them.

However, in *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) the Supreme Court held that long term employment may be a protectable property right which requires a hearing and notice of grounds for nonretention.

ployee at will his position could be terminated at any time.[2]

■ As was noted in *Olear v. Haniak*, 131 S.W.2d at 380 "when a person becomes a member of a church he thereby submits to ecclesiastical jurisdiction in ecclesiastical matters, and has no legal right to invoke the supervisory power of the civil courts ..." In *Briscoe v. Williams*, 192 S.W.2d at 649 the court denied the requested injunction because the parties had not exhausted or proceeded with the church remedies. The same is true in this case. Reverend Stamps was not assured of a job as minister. If he was not satisfied with the bishop's action he should have approached the judicial council and not the civil courts.

■ Furthermore, a civil court cannot create a position of employment as a minister of a church where, by church law, there can be no such employment. We therefore conclude that the injunction was unauthorized as a matter of law.

■ Having concluded that the preacher's position is an employment at will there was no protectable property interest at issue here. The injunction was violative of constitutional guarantees of the separation of church and state functions. U.S. Const. Amend. I. *Williams v. Wilder*, 397 S.W.2d at 702.

We reverse the trial court order requiring the bishop to reinstate Reverend Stamps as pastor of Parrish Temple CME Church.

PUDLOWSKI, P.J., and GAERTNER, J., concur.

---

**2.** The law is clear in Missouri that "in the absence of a contract for employment for a definite term or a contrary statutory provision, an employer may discharge an employee at any time, without cause or reason, or for any reason and, in such case no action can be obtained for wrongful discharge." *Christy v. Petrus*, 365 Mo. 1187, 295 S.W.2d 122, 124 (banc 1956).