In the Matter of The BETH HAME-
DROSH HAGODOL CEMETERY AS-
SOCIATION, a not for profit corpora-
tion, Oreon Sandler, Edward Klamen,
and William Cherrick, Plaintiffs/Appel-
lants,

v.

Paul LEVY and Lester Gross,
Defendants/Respondents.

No. 68084.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 16, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 22, 1996.

Application to Transfer Denied
June 25, 1996.

Stanley E. Goldstein, Clayton, for appellants.

Michael R. Young, St. Louis, for respondents.

RHODES RUSSELL, Judge.

Appellants, three members of the board of directors of the Beth Hamedrosh Hagodol Cemetery Association ("Cemetery Association"), a not for profit corporation, appeal the trial court's dismissal of their amended petition seeking declaratory and injunctive relief. The trial court dismissed the cause on grounds that the underlying dispute involves an ecclesiastical matter and is therefore beyond the civil court's jurisdiction. We reverse the order dismissing Appellants' cause of action and remand with directions. Respondents' motion to dismiss the appeal taken with the case is denied.

The Cemetery Association was incorporated on August 22, 1977, under Missouri's not for profit corporation statutes, Chapter 355 RSMo 1986.[1] Prior to then the operation of the cemetery was under the control of the Beth Hamedrosh Hagodol Congregation ("Congregation"). The Cemetery Association's act of incorporation separated it from the Congregation, a pro forma corporation. The purpose of the separation was to protect the cemetery's assets yet maintain the synergism between the Congregation and the Cemetery Association.

Upon incorporation, all property previously owned by the Congregation was delivered and transferred to the Cemetery Association. The Cemetery Association in turn issued a lease of the Synagogue to the Congregation for as long as the Congregation continued to conduct Orthodox Jewish services and function as an Orthodox Jewish place of worship.

The Articles of Incorporation of the Cemetery Association vested all power and authority in the self-perpetuating board of directors. The Articles further provided that:

> No person shall be qualified to serve or continue to serve on the board of directors unless such person shall be a member of Beth Hamedrosh Hagodol Congregation who has been such for at least three years

---

1. Chapter 355 of the Missouri statutes was amended effective July 1, 1995. This lawsuit was initiated before the new law went into effect. Section 355.871, RSMo 1994, states that the repeal does not affect any proceeding commenced under the former statutes, and allows the proceeding to be completed in accordance with the statute as if it had not been repealed. All statutory references are therefore to RSMo 1986, the prior statutory scheme, unless otherwise indicated.

prior to election or appointment to the Board of Directors, provided that this requirement shall not be applicable during such period of time as the said Beth Hamedrosh Hagodol Congregation does not regularly conduct a Sabbath morning service.

The by-laws thereafter created by the Cemetery Association read in relevant part:

The number of Directors of the corporation shall be seven (7). The number of Directors may be changed from time to time, by amendment to these by-laws duly made, upon the affirmative vote of two-thirds (⅔) of the members of the Board of Directors of the corporation; provided, however, that the number of Directors shall be not less than three (3); *provided, however, that no person shall be qualified to serve or continue to serve on the Board of Directors unless such person shall be a member of Beth Hamedrosh Hagodol Congregation who has been such for at least three (3) years prior to election or appointment to the Board of Directors,* provided that this requirement shall not be applicable during such period of time as the said Beth Hamadrosh Hagodol Congregation does not regularly conduct a Sabbath morning service. (emphasis added)

The original seven board of directors consisted of Edward Morganstern, Paul Levy, Lester Gross, Hyman Cohen, William Cherrick, Maurice Kessler and Oreon Sandler. Respondents Lester Gross and Paul Levy and Appellants William Cherrick and Oreon Sandler have continued to serve on the board since 1977. Respondents Gross and Levy both hold officer positions as Vice President and Treasurer, respectively. Appellant Edward Klamen replaced Hyman Cohen on the board on March 21, 1982. Original director Edward Morganstern resigned and was replaced by Arthur Bahn, who was later removed on September 1988 because he no longer was a member of the Congregation. Maurice Kessler, another original director, served on the board until his resignation on December 2, 1990, at which time he was serving as President of the board.

In the fall of 1990, a dispute arose between Respondents and the Congregation concerning the Congregation's occupancy of the Synagogue. Respondents filed suit in the Circuit Court of St. Louis County, in the name of the corporation, in an attempt to break the lease with the Congregation. The record is not clear the nature or outcome of that litigation. Also during that period Respondents attempted to seat Bernard Pinken and Howard Neuman as directors to the board, although not all of the procedures required under the articles and by-laws were followed. Later attempts were also made by Respondents to seat other persons as directors and conduct board meetings to oust Appellants as directors.

In response to Respondents' conduct, on June 9, 1991, the board of directors of the Congregation voted to expel Respondents Gross and Levy from membership in the Congregation. Respondents were notified of the expulsion by certified mail and sent a refund of their membership dues. Respondents rejected the Congregation's attempt to expel them and returned their refunded dues. The record reflects no attempt by Respondents to contest the expulsion through legal or religious channels.

However, in an attempt to circumvent the membership requirements contained in the articles of incorporation and by-laws, Respondents met as a supposed board of directors for the Cemetery Association and voted to amend their articles of incorporation by deleting the Congregation membership prerequisite for serving on the Cemetery Association's board of directors.

An attempt was made to request Respondents' resignation from the board. Respondents refused and this litigation proceeded.

Appellants initially filed their petition on February 20, 1991 for the appointment of a receiver, liquidation of assets and other relief, alleging deadlock among the directors, frustration of the corporate purpose and irreparable harm to the corporation and corporate assets. An amended petition was filed on July 30, 1991, seeking injunctive and declaratory relief and the liquidation of assets. Specifically, the amended petition sought a declaration that (1) Respondents' acts in at-

tempting to oust Appellants as directors and replace them with others were void, and (2) Respondents were ineligible to serve as directors. The amended petition further prayed for an injunction against Respondents from serving as directors, for the appointment of a receiver, for the dissolution of the corporation and for the liquidation of assets. The prayer of the amended petition was thereafter amended by interlineation on November 14, 1994, requesting in its prayer: (1) a declaration that each director is required to be a member of the Congregation; (2) a declaration that Respondents are unqualified to serve as directors; (3) Respondents be enjoined to submit their resignations; and (4) there be an appointment of qualified persons to replace Respondents as directors.

On November 27, 1995, the court dismissed the Cemetery Association's petition based on the following reasoning:

> [T]he Court declines to determine the sole issue presented to the Court for determination as to whether or not the present members of the Board of Directors ... are qualified to serve as directors of said Association for the reason that the determination of such issue involves an ecclistical [sic] matter not to be decided by this civil court. In order to decide the question posed to the Court, the Court would need to determine whether or not the Respondents were properly or improperly expelled from the congregation. This clearly is a membership dispute not to be decided by this court.

Appellants appeal the dismissal arguing the court below had jurisdiction to dispose of the case presented.

Respondents have filed a motion to dismiss this appeal for failure to comply with Rule 84.04(d) in that the sole point relied on does not state wherein and why the trial court erred. Although Respondents' argument has merit, we are able to discern Appellants' general contention from the text of their brief. We therefore will not impose the drastic remedy of dismissing the appeal.

■ Appellate review of a dismissal on grounds of lack of subject matter jurisdiction is governed by an abuse of discretion standard. *Schopp v. Matlock,* 880 S.W.2d 357, 359 (Mo.App.1994). This court must treat all facts as true and construe the allegations favorably to the pleader and the interpretation given the petition must be reasonable, fair and intended by the pleader. *Gatlin v. Truman Medical Center,* 770 S.W.2d 510, 511 (Mo.App.1989). Dismissal for lack of subject matter jurisdiction is proper when it appears, by a preponderance of the evidence, that the court is without jurisdiction. *Schopp,* 880 S.W.2d at 359; Rule 55.27(g)(3).

■ Having thoroughly reviewed the record in this case, we feel the trial court mistakenly characterized the issue before it. The trial court thought it necessary to address whether the expulsion was proper or improper in order to resolve the issue of Respondents' qualifications to sit on the board. The trial court accurately stated the law in that civil courts generally have no jurisdiction to decide ecclesiastical matters, which includes acts of church discipline or the removal of a pastor or member. *Stamps v. Kirkendoll,* 689 S.W.2d 111, 113 (Mo.App. 1985). Indeed, all parties agree such is the status of the law. The removal or expulsion from a congregation is a matter for an ecclesiastical tribunal to decide and its decision thereon is binding and not reviewable by the civil courts. *Briscoe v. Williams,* 192 S.W.2d 643, 646 (Mo.App.1946); *see also Olear v. Haniak,* 235 Mo.App. 249, 131 S.W.2d 375, 380–81 (1939). The United States Supreme Court has recognized that when a church renders a decision on a purely ecclesiastical matter, "the Constitution requires that civil courts accept their decisions as binding upon them." *Serbian Eastern Orthodox Diocese v. Milivojevich,* 426 U.S. 696, 725, 96 S.Ct. 2372, 2387–88, 49 L.Ed.2d 151 (1976); *see also Jones v. Wolf,* 443 U.S. 595, 606–09, 99 S.Ct. 3020, 3026–28, 61 L.Ed.2d 775 (1979). At no time did Respondents deny their expulsion or method of expulsion or otherwise seek review of their status as expelled members. We therefore are to take the Congregation's decision to expel Respondents as final.[2] In cases of excommunication or ex-

---

2. In this regard Respondents hint in their brief that the decision to expel is not final because all

pulsion, like the one at hand, absent some question of the authority or procedure used, the civil courts accept the fact of excommunication or expulsion as conclusive proof that those persons are no longer members of the church. *Briscoe*, 192 S.W.2d at 646.

■ Respondents contend, however, there is another ecclesiastical element to this case. Respondents argue that the provision requiring membership in the Congregation is not unconditional and that, to resolve the issue of Respondents' qualifications, the court must also determine whether the exception to the membership requirement applies. The exception states that the membership requirement shall not apply if the Congregation does not regularly conduct services on Sabbath. At oral argument, counsel for Respondents made much of the fact that there was nothing in the record to indicate there were or were not regularly conducted Sabbath morning services. That being the case, Respondents argue dismissal was proper because the issue of whether regular Sabbath services were conducted is an ecclesiastical matter beyond the scope of the civil courts. We disagree with Respondents' point because, in this case, the exception provision was never invoked. It was Respondents' obligation to raise the application of the exception, if applicable, once the question of the directors' membership was raised. Since the exception was never raised, whether the Sabbath services were regularly conducted is a non-issue in this matter.

■ Giving the pleadings the reading they are due, it is evident that the true issue raised and presented for review is whether Respondents qualify to continue as directors of the board, a matter wholly within the purview of the courts. When the incorporators decided to incorporate under the not for profit laws of Missouri, they submitted it to the state courts' jurisdiction in all matters

of a corporate nature. *See, e.g., Matthews v. Adams*, 520 So.2d 334, 335 (Fla.App.1988); *Lozanoski v. Sarafin*, 485 N.E.2d 669, 671 (Ind.App.1985). *See generally* 77 C.J.S. *Religious Societies* § 85, p. 110 (1994). Under the not for profit corporation laws in Missouri, the corporation is authorized to promulgate by-laws for the administration and regulation of its affairs. § 355.090(12). The by-laws of the not for profit corporation may contain any provision so long as the provision is not inconsistent with the laws of Missouri or its articles of incorporation. § 355.090(12) and § 355.100. Under the laws of Missouri, the directors of the not for profit corporation are authorized to manage the corporation. § 355.130. That section further states that the qualifications of directors may be prescribed by the articles or by-laws. § 355.130. Likewise, § 355.135.2 mandates that the directors be elected or appointed in the manner and for the terms provided in the articles or by-laws.

Under Article Five of the Cemetery Association's articles of incorporation, directors are to be elected or appointed in the manner and for the terms set forth in the by-laws and specifies that no person shall be qualified to serve or continue to serve as a director unless the person is a member of the Congregation.

The by-laws, Art. III § 3, reiterate that no person shall be qualified to serve or continue to serve on the board unless he is a member of the Congregation. Section 4 of Art. III provides that each director shall hold office until the third annual meeting of the board following that director's election, unless sooner removed or disqualified, and that directors shall be elected by the board of directors from qualified persons. Consistent with § 355.165 of the Missouri statutes, Art. VI § 3 of the by-laws provides that any officer may be removed by the board of directors

---

ecclesiastical remedies have not been exhausted. Respondents argue that the circuit court properly refrained from exercising jurisdiction until a final judgment was rendered by an ecclesiastical tribunal. Because the record does not show that exhaustion of ecclesiastical remedies has been pursued, Respondents assert dismissal was proper. Their argument goes against them. Respondents' mere assertion that there is a religious

tribunal that can be convened to review the matter, when there is no evidence such a review was requested or desired by them, cannot support dismissal for failure to exhaust ecclesiastical remedies. The expulsion should have been timely challenged by Respondents and, without an ecclesiastical remedy being initiated by them, we are to consider their expulsion from the congregation as final and binding.

**444**

whenever in their judgment the best interests of the corporation would be served thereby.

The petitions filed herein prayed for the removal of Respondents as directors and the dissolution of the corporation. The basis of Respondents' removal was that they no longer qualify to serve as directors in that they do not meet the membership requirements. The Missouri legislature has not established a specific procedure for the removal of directors of a not for profit corporation, but the courts of this state have recognized that the body which appoints a director may also remove a director. *Boatmen's First Nat. Bank v. Assemblies of God*, 806 S.W.2d 706, 714 (Mo.App.1991). The by-laws herein at issue specify that the directors shall serve their term unless sooner removed or disqualified. A director is no longer qualified to serve if he is not a member of the Congregation. Nothing in the statutes prevents persons in Appellants' position from seeking to initiate the court's jurisdiction to enjoin Respondents from serving as directors or dissolve the corporation under these circumstances. *See* §§ 355.275–.280. Such a cause of action involves nothing of an ecclesiastical nature. Although this case arises out of a religious dispute, we are of the opinion that to resolve the matter does not require the court to become entangled in religious doctrine or unconstitutionally interfere with a religious bodies' affairs. Here, the court has jurisdiction to inquire as to what the articles and by-laws require and determine the degree of the parties' adherence to them. The inquiry focuses on the parties in their capacity as directors of a not for profit corporation organized under the laws of Missouri, not as congregation members seeking rights under ecclesiastical law.

Accordingly, this court finds that under the allegations contained in the petition the trial court had jurisdiction to hear the matter presented, and it was error for the court to have refused to exercise that jurisdiction. We wish to emphasize that by reversing the dismissal we are not in any way deciding the merits of the underlying action. Whether injunctive or declaratory relief is merited, or whether dissolution is proper, is to be determined in accordance with the law by the trial court. We reverse the cause and remand with directions to set aside its order of dismissal and to reinstate Appellants' petition. The motion to dismiss this appeal for failure to comply with the rules taken with the case is denied.

GERALD M. SMITH, P.J., and GARY M. GAERTNER, J., concur.