MABIN CONSTRUCTION COMPANY,
Appellant,

v.

MISSOURI HIGHWAY & TRANSPORTATION COMMISSION and Missouri Department Of Transportation, Respondents.

No. WD 54967.

Missouri Court of Appeals,
Western District.

June 16, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court July 28, 1998.

Application to Transfer Denied
Sept. 22, 1998.

Richard W. Miller, Kansas City, for Appellant.

Michael C. Rose, Government Counsel, Jefferson City, for Respondents.

Before HANNA, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Mabin Construction Company appeals from the judgment of the Circuit Court of Cole County dismissing for lack of subject matter jurisdiction its petition for review under the Missouri Administrative Procedures Act (MAPA), § 536.010, *et seq.*,[1] of the denial by the Missouri Department of Transportation (MoDOT) of its application for recertification as a Disadvantaged Business Enterprise (DBE).

We affirm.

### Facts

The appellant is a Missouri corporation which was formed in 1980 by Joseph Mabin, an African–American. Janice Clarkson, the wife of Bill Clarkson, who owns Clarkson Construction Company (Clarkson), owned 49% of Mabin Construction Company until 1995.

Since its formation in 1980, the appellant has been certified by MoDOT as a DBE as part of a federal program designed to assist business entities owned and operated by members of disadvantaged groups, namely ethnic minorities and women, that bid for contracts for highway construction projects. The program is administered by the United States Department of Transportation (US-DOT) in conjunction with state DOT's.

After first obtaining DBE certification, the appellant had reapplied annually for DBE certification as required by 7 C.S.R. 10–8.030(3)(A) and 7 C.S.R. 10–8.040 and was recertified each year until its 1996 application. During its recertification investigation of the appellant's 1996 application, MoDOT discovered an indebtedness to Clarkson that exceeded two million dollars. On February 25, 1997, after concluding its investigation, during which time the appellant remained certified, MoDOT denied the appellant's recertification because it lacked sufficient independence and control to qualify. MoDOT informed the appellant of the denial of its

---

1. All statutory references are to RSMo 1994,  unless otherwise indicated.

application and its right to request an informal hearing before MoDOT to review the denial. By letter dated February 28, 1997, the appellant requested an informal hearing. The appellant remained certified pending the outcome of the informal hearing, which was held on April 23, 1997.

On August 18, 1997, MoDOT affirmed the denial of the appellant's application for recertification and informed it of its right to appeal to USDOT. The appellant was then removed from the approved list of DBE's. On September 24, 1997, the appellant filed its notice of appeal to USDOT. On September 25, 1997, before USDOT had reached a decision on the appellant's appeal, the appellant filed in the Circuit Court of Cole County its petition for review of MoDOT's denial of its application for recertification. On September 25, 1997, the Missouri Highway and Transportation Commission (MHTC) and MoDOT, as respondents, filed a motion to dismiss for lack of subject matter jurisdiction because the final decision as to the appellant's DBE recertification rested with US-DOT, and exclusive jurisdiction to review such a decision rested with the federal courts. On September 26, 1997, the Honorable Patricia S. Joyce sustained the respondents' motion to dismiss.

This appeal follows.

### Standard of Review

Our review of a dismissal of a petition for lack of subject matter jurisdiction is for an abuse of discretion. *Beth Hamedrosh Hagodol Cemetery Ass'n v. Levy*, 923 S.W.2d 439, 442 (Mo.App.1996) (citation omitted). "Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration...." *King v. Copp Trucking, Inc.*, 853 S.W.2d 304, 307 (Mo.App. 1993). Rulings made within the trial court's discretion are presumed correct and the appellant has the burden of showing that the trial court abused its discretion. *Id.* "Dismissal for lack of subject matter jurisdiction is proper when it appears by a preponderance of the evidence, that the court is without

jurisdiction." *Beth Hamedrosh Hagodol Cemetery Ass'n*, 923 S.W.2d at 442 (citing Rule 55.27(g)(3); *Schopp v. Matlock*, 880 S.W.2d 357, 359 (Mo.App.1994)). In reviewing a trial court's dismissal of a petition, we must "determine if the facts pleaded and the reasonable inferences to be drawn therefrom state any ground for relief." *State ex rel. Barth v. Platte County*, 884 S.W.2d 95, 97 (Mo.App.1994) (citing *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993)). We must treat all facts as true and construe the allegations favorably and liberally to the pleader. *Id.*

### I.

The appellant raises two points on appeal. In its first point, it claims in three subpoints that the trial court erred in dismissing its petition for review because there were several violations of MAPA. In the first subpoint, the appellant's argument is two-fold in that it claims that: (a) it did not receive a contested hearing before MoDOT, to which it was entitled under § 536.140; and, (b) even though it did not receive a contested hearing, it was entitled to judicial review for a contested hearing under § 536.140. The appellant's second subpoint is related to the first subpoint in that it claims that even though there was not a contested hearing, a contested-case review under § 536.140 would reveal that MoDOT's denial of its application for DBE recertification was not supported by competent and substantial evidence, was arbitrary and capricious, and was an abuse of discretion, requiring reversal. In the third subpoint, the appellant claims that, even if it was not entitled to MAPA review of a contested case under § 536.140, it was entitled to an uncontested-case review, under § 536.150, of the informal hearing before MoDOT. In Point II, the appellant requests this court to provide it with affirmative relief by ordering the respondents to reinstate its status as a DBE contractor pending the outcome of its appeal.

Before we address the merits of the appellant's claims, we must first address the respondents' contention, that Missouri state courts lack subject matter jurisdiction under MAPA to review a denial of a DBE recertification application, because the final decision

as to recertification rests with USDOT, and exclusive jurisdiction to review such a decision of a federal agency rests with the federal courts, in that if this contention is correct, it is dispositive of this appeal.

■ The DBE program is a federal program administered by the USDOT, pursuant to the Surface Transportation Assistance Act of 1982 (STAA) Pub.L.No. 97–424 § 105(f), 96 Stat.2097, 2100; the Surface Transportation and Uniform Relocation Assistance Act of 1987 (STURAA) Pub.L.No. 100–17 § 106(c), 101 Stat. 132, 145; and the Intermodal Surface Transportation Efficiency Act of 1991 (ISTEA) Pub.L.No. 102–240, 105 Stat.1914. STAA, STURAA, and ISTEA require state DOT's to expend at least ten percent of federal highway construction funds with DBE's, Pub.L.No. 97–424, 96 Stat. 2097, 101 Stat. 145, 105 Stat.1919, in order to receive federal highway funds and must comply with the provisions of these acts and the regulations contained in 49 C.F.R. Part 23.

The rules and regulations contained in 49 C.F.R. Part 23 define the requirements for state DOT's desiring to obtain federal funds to establish a DBE program, the program requirements, including the process for certifying firms as DBE's, recertification procedures, and appeal of DBE certification decisions. 49 C.F.R. 23.45. Consistent with 49 C.F.R. Part 23, MoDOT promulgated rules, contained in 7 C.S.R. 10–8.010 to 10–8.270, to implement its DBE program for highway construction in Missouri using federal funds.

In Missouri, as authorized by federal regulation, the DBE program is administered by MoDOT, but it is ultimately defined and regulated wholly by federal law. The applicable federal regulations provide that upon application of a firm for DBE certification, a recipient of USDOT funds, MoDOT here, must determine the eligibility of the firm to participate in the program. 49 C.F.R. 23.45(f). Federal statutes and USDOT rules and regulations establish the criteria for determining eligibility and also provide for administrative remedies if certification is denied or revoked. *Double LL Contractors, Inc. v. State of Oklahoma, ex rel. Oklahoma Department of Transportation*, 918 P.2d 34, 39 (Okl.1996).

Missouri has exercised its discretion, pursuant to 49 C.F.R. Part 23, Subpt. D, App. A, to allow an applicant to request an informal hearing before the MoDOT if certification or recertification is denied; or, if no informal hearing is requested or no additional information is furnished, the applicant will be advised then of its right to appeal the denial to USDOT. 7 C.S.R. 10–8.030(3)(B); 7 C.S.R. 10–8.040. The regulation providing for the informal hearing specifically states that the hearing "is not a contested case under Chapter 536...." 7 C.S.R. 10–8.030(3)(B). If after an informal hearing, MoDOT determines that the party's "certification cannot be renewed, the applicant will be advised of its right to appeal to [USDOT]" under 49 C.F.R. 23.55(a). 7 C.S.R. 10–8.040(1)(C). "As a result, the administrative process does not end and legal obligations are not definitively imposed until USDOT considers the matter on appeal and either reverses or affirms [the denial]" by the state DOT. *Double LL*, 918 P.2d at 39. Thus, as stated, *supra*, the final determination as to an applicant's recertification as a DBE is made by USDOT.

The issue of whether Missouri courts have subject matter jurisdiction to review a final decision of USDOT, a federal agency, denying an application for recertification of a party's status as a DBE appears to be one of first impression in Missouri. Consequently, we look to other jurisdictions which have addressed this issue for guidance.

We find *Double LL Contractors, Inc. v. State of Oklahoma, ex rel. Oklahoma Department of Transportation, supra*, particularly persuasive on the issue presented. There, the Supreme Court of Oklahoma held that the Oklahoma DOT's order revoking a party's DBE certification was not a final order under Oklahoma's APA that "[o]nly USDOT can issue a final order with regard to the revocation of DBE certification." *Id.* at 40. Although the case was decided on the doctrine of "exhausting administrative remedies," the court did address the issue of whether a state court had subject matter jurisdiction to review a final order of USDOT, a federal agency.

In *Double LL,* in deciding whether a state court had subject matter jurisdiction to review a final order of USDOT, the court discussed the doctrine of federal sovereign immunity, which requires the consent of Congress to bring suit against the United States government. *Id.* (citing *United States v. Dalm,* 494 U.S. 596, 607, 110 S.Ct. 1361, 1367, 108 L.Ed.2d 548 (1990); *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980)). In this respect, the court stated that "Congressional waiver of sovereign immunity must be 'unequivocally expressed,'" *Double LL,* 918 P.2d at 40 (citing *United States v. Nordic Village,* 503 U.S. 30, 33, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992); *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); *Mitchell,* 445 U.S. at 538, 100 S.Ct. at 1351), and that the terms of the Congressional "'consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Double LL,* 918 P.2d at 41 (citing *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981) (quoting *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976))). Thus, the *Double LL* court reasoned that, "[a]s a result, no court, state or federal, is competent to hear a cause of action for review of the administrative decisions of a federal agency absent an express Congressional waiver of immunity for such actions." *Double LL,* 918 P.2d at 41. Based on the reasoning discussed, *infra,* the court went on to conclude that federal sovereign immunity in this circumstance was not waived by Congress.

██ In 1976, Congress amended 5 U.S.C. § 702 by enacting Public Law 94–574 to facilitate judicial review of federal agency actions by eliminating the defense of sovereign immunity. *Id.* However, sovereign "immunity was waived only for actions instituted in 'a court of the United States.'" *Id.* Thus, we conclude, as did the Supreme Court of Oklahoma in *Double LL,* that federal agencies are immune from suits seeking judicial review of their decisions under the APA in state courts. *Id.* at 42. If Congress had intended state courts to serve as proper fora for suits for judicial review of federal agency decisions under state APA's, it could have waived sovereign immunity for suits filed there. *Id.* (citing *Federal National Mortgage Association v. LeCrone,* 868 F.2d 190, 193 (6th Cir. 1989)). However, "'[b]y refusing to waive sovereign immunity for APA actions in the state courts Congress has implicitly vested exclusive jurisdiction over these actions in the federal courts.'" *Double LL,* 918 P.2d at 42 (quoting *LeCrone,* 868 F.2d at 193).

We are persuaded by the reasoning in *Double LL* as to why a state court lacks subject matter jurisdiction to review, under a state APA, the denial of an application for certification or recertification as a DBE. As such, we find that the trial court here did not err in dismissing the appellant's petition for MAPA review of the denial of its application for recertification as a DBE for lack of subject matter jurisdiction.

Point denied.

In holding as we do, we do not mean to suggest that a Missouri state court could not exercise its jurisdiction to require MoDOT to provide a DBE applicant with the informal hearing as provided in 7 C.S.R. 10–8.030 and 7 C.S.R. 10–8.040. However, as this opinion makes clear, the final determination of whether an applicant will be granted DBE certification is ultimately a decision for USDOT, which is subject to exclusive review by the federal courts.

## Conclusion

The judgment of the circuit court dismissing the appellant's petition for MAPA review of MoDOT's denial of its application for recertification as a DBE is affirmed.

All concur.